FILED IN CLERK'S OFFICE
U.S.D.C. Newnan

FEB 2 7 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| TONY WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3 06-CV-018-JTC |
| | ) CIVIL ACTION FILE NUMBER |
| | ) |
| TERRY LANGLY, DAVID JORDAN, | ) |
| CARROLL COUNTY, GEORGIA, | ) |
| WALTER SMITH, M.D., and | ) |
| GEORGIA CORRECTIONAL | ) |
| HEALTH, LLC, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1.

The Court, pursuant to 28 U.S.C. 1331 and 42 U.S.C. 1983, has jurisdiction over the parties and the subject matter.

2.

Venue is proper in this judicial district because the acts and the failure to act giving rise to Plaintiff's claim occurred in this judicial district and some of the joint tortfeasors reside in this judicial district.

## PARTIES

3.

Plaintiff Tony Webb ("Mr. Webb"), at all material times, was an inmate at the Jackson T. Bell Detention Center in Carrollton Georgia ("Jail").

4.

Defendant Terry Langly ("Defendant Langly"), at all material times, was the Sheriff of Carroll County, Georgia.

5.

Defendant David Jordan ("Defendant Jordan"), at all material times, was the administrator of the Jail.

6.

Defendant Carroll County, at all material times, was a governmental entity organized and existing under the laws of the State of Georgia and had responsibility for the Jail.

7.

Defendant Walter Smith, M.D., at all material times, was licensed to practice medicine by the State of Georgia and was the physician in charge of medical care at the Jail.

8.

Defendant Georgia Correctional Health, LLC, at all material times, was organized and existing under the laws of the State of Georgia and had a contract to provide medical treatment and care to the inmates at the Jail.

## COUNT ONE

## DEFENDANTS' DELIBERATE INDIFFERENCE TO MR. WEBB'S SERIOUS MEDICAL NEEDS

9.

Mr. Webb reincorporates paragraph "1" through "8" as if stated herein.

10.

Mr. Webb, while an inmate in the Jail during 2005, was violently attacked ("Violent Attack") by another inmate.

11.

The Violent Attack caused Mr. Webb to suffer serious injuries.

12.

After the Violent Attack, Mr. Webb was taken to Tanner's Medical Center emergency room.

13.

Mr. Webb's serious injuries from the Violent Attack caused Mr. Webb to have serious medical needs.

14.

Mr. Webb's serious medical needs continued after he was released from the emergency room.

15.

Mr. Webb's serious medical needs were obvious to any reasonable observer.

16.

Defendants knew about Mr. Webb's serious medical needs.

17.

Defendants had a continuing duty to have Mr. Webb's serious medical needs treated.

18.

Mr. Webb repeatedly requested medical treatment from Defendants for his serious medical needs.

19.

Defendants turned a deaf ear to Mr. Webb's repeated requests to have his serious medical needs treated.

20.

Defendants, after Mr. Webb was released from the emergency room, failed to have treatment and care provided for Mr. Webb's serious medical needs.

21.

Defendants were deliberately indifferent to Mr. Webb's serious medical needs.

22.

No legitimate excuse or justification exists for Defendants' deliberate indifference to Mr. Webb's serious medical needs.

23.

Defendants' deliberate indifference to Mr. Webb's serious medical needs violated Mr. Webb's rights under the 8th Amendment to the United States Constitution that is made applicable to the States by the 14th Amendment.

24.

All of Defendants' acts constituting deliberate indifference to Mr. Webb's serious medical needs were done under "color of law."

25.

Defendants' deliberate indifference to Mr. Webb's serious medical needs injured Mr. Webb.

26.

Defendants' deliberate indifference to Mr. Webb's serious medical needs has caused Mr. Webb to need more complex surgery requiring the refracture of Mr. Webb's facial bones.

27.

"But For" Defendants' deliberate indifference, the surgery for Mr. Webb's injuries would not have involved the refracture of Mr. Webb's facial bones.

28.

Defendants' deliberate indifference to Mr. Webb's serious medical needs will cause Mr. Webb to suffer increased post operative pain because of the need to refracture Mr. Webb's facial bones.

29.

Defendants' deliberate indifference to Mr. Webb's serious medical needs has created a significant risk that Mr. Webb will suffer permanent deformity.

30.

Defendants' deliberate indifference to Mr. Webb's serious medical needs has created a significant risk that Mr. Webb will suffer permanent functional impairment.

31.

Defendants acted with callous and conscious disregard of the consequences of their deliberate indifference to Mr. Webb's serious medical needs.

32.

The outrageous nature of Defendants' deliberate indifferences to Mr. Webb's serious medical needs makes punitive damages against them appropriate and necessary.

33.

Punitive damages are needed to punish Defendants for their deliberate indifference to Mr. Webb's serious medical needs.

34.

Punitive damages are needed to deter Defendants and others from being deliberately indifferent to the serious medical needs of inmates.

35.

Mr. Webb, pursuant to 42 U.S.C. 1988, is entitled to recover his costs of litigation including attorney's fees.

WHEREFORE, Mr. Webb requests the Court to enter a judgment against Defendants jointly and severally:

 (a) Awarding Mr. Webb at least $500,000, the exact amount to be decided by the jury, as compensatory damages;

 (b) Awarding Mr. Webb at least $500,000, the exact amount to be decided by the jury, as punitive damages;

 (c) Awarding Mr. Webb his costs of litigation, including attorney's fees; and

 (d) Awarding Mr. Webb whatever other relief the Court deems just and proper.

36.

Mr. Webb demands a jury trial.

**GARY BUNCH, P.C.**

By: _____
Gary Bunch
Georgia Bar Number 094612
Attorney for Plaintiff Tony Webb

1718 Peachtree Street
Suite 1085
Atlanta, GA 30309
(404) 815-0820

February 27, 2006